# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ANTHONY L. HANSBRO, | Case No. 3:23-cv-124 |
| Plaintiff, | |
| vs. | District Judge Walter H. Rice |
| | Magistrate Judge Peter B. Silvain, Jr. |
| IAN WHITE, | |
| Defendant. | |

## ORDER and REPORT AND RECOMMENDATIONS[1]

This matter is before the Court upon *pro se* Plaintiff Anthony L. Hansbro's Motion for Leave to Proceed *in forma pauperis*. (Doc. #1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

This matter is also before the Court *sua sponte* for an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for lack of subject-matter jurisdiction.

Plaintiff brings this action against a single defendant, Ian White, who Plaintiff explains was his neurosurgeon at Miami Valley Hospital in Dayton, Ohio. (Doc. #1-1, *PageID* #8). According to Plaintiff, Defendant White performed surgery on Plaintiff's herniated disc on July 24, 2021, which resulted in Plaintiff being "paraly[zed] for life." *Id*. In addition to his Complaint, Plaintiff also provides a "Memorandum in Support of Motion" where he explains that he had previously filed this case against Defendant White in state court, but that it was dismissed for his failure to provide an affidavit of merit to validate his malpractice claim. (Doc. #1-3, *PageID* #12). Plaintiff

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

argues that the requirement for an affidavit of merit in medical malpractice claims violates his Constitutional rights under the Seventh, Eighth, and Fourteenth Amendments. *Id*. Finally, in his prayer for relief, Plaintiff states that "it would be a blessing if this malpractice case could be reopened or reversed so the Plaintiff can merely go to trial with [*illegible*] of winning this civil suit…" (Doc. #1-1, *PageID* #9).

In accordance with 28 U.S.C. § 1915(e)(2), the Court must dismiss Plaintiff's Complaint if his claims (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for jurisdiction." "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-

question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Accordingly, in addition to § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

In the present case, Plaintiff does not state any basis for this Court's jurisdiction. Upon review of Plaintiff's Complaint, the undersigned finds that there is no plausible legal basis for establishing subject-matter jurisdiction over this action. District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In this case, Plaintiff alleges that Defendant White committed medical malpractice when he performed the herniated disc surgery on Plaintiff on July 24, 2021. However, a claim of medical malpractice does not involve or arise under any federal laws or the United States Constitution.

Additionally, to the extent that Plaintiff attempts to invoke federal law by alleging that Defendant White violated his due process rights under the Fourteenth Amendment by having his case successfully dismissed in state court, his attempt fails as the due process clause of the Fourteenth Amendment does not apply to Defendant White, who is a private individual, not a state actor. *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 2785, 73 L. Ed. 2d 534 (1982) ("'[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful.'") (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161 (1948))). Similarly, to the extent that Plaintiff attempts to mount an action under 42 U.S.C. § 1983 for the alleged violation of his Seventh, Eighth, and Fourteenth Amendment rights,

Defendant White's status of a private actor, with no affiliations to the state, also precludes Plaintiff from invoking this Court's jurisdiction. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" (quoting *Blum*, 457 U.S. at 1002 and *Shelley*, 334 U.S. at 13) (internal quotation marks omitted).

Accordingly, because Plaintiff fails to allege a claim that arises under the Constitution, laws, or treaties of the United States, Plaintiff is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

Further, to the extent that Plaintiff relies on diversity of citizenship under 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction, his claim fails. A plaintiff invokes diversity of citizenship jurisdiction where (1) the amount in controversy exceeds the required jurisdictional amount, currently $75,000; and (2) there is complete diversity of citizenship, meaning that no party plaintiff may be a citizen of the same state as any of the defendants. 28 U.S.C. § 1332(a)(1); *see also Arbaugh*, 546 U.S. at 501; *Evanston Ins. Co. v. Housing. Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017) ("A federal court has [diversity] jurisdiction only if complete diversity exists, only if each of the plaintiffs comes from a different State from each of the defendants") (internal citation omitted).

Here, Plaintiff has not alleged any monetary damages. Thus, the undersigned cannot conclude that the amount in controversy exceeds $75,000. Further, Plaintiff has failed to satisfy the complete diversity requirement. On the civil cover sheet, Plaintiff indicates that both he and Defendant White are citizens of the state of Ohio. (Doc. #1-4, *PageID* #14). Additionally, the addresses that Plaintiff provides for both Defendant White and himself are located in Ohio. (Doc.

4

#1-1, *PageID* #s 6-7). Notably, Plaintiff does not allege that Defendant White may be domiciled elsewhere for purposes of determining his state of citizenship. Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

Based on the foregoing, the undersigned finds that Plaintiff's Complaint does not satisfy Fed. R. Civ. P. 8(a)(1) because it fails to assert any claim with an arguable basis in law over which this Court possesses subject-matter jurisdiction.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3) **WITHOUT PREJUDICE** to filing his claims in state court; and

2. The case be terminated on the Court's docket.

   October 5, 2023                                               *s/Peter B. Silvain, Jr.*
                                                                                    Peter B. Silvain, Jr.
                                                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).