IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Anthony L. Hansbro, | : | Case No. 3:23-cv-124 |
| Plaintiff, | : | Judge Walter H. Rice<br>Magistrate Judge Peter B. Silvain Jr. |
| vs. | : | |
| Ian White | : | |
| Defendant. | : | |

**DECISION AND ENTRY ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE, OVERRULING PLAINTIFF'S OBJECTIONS THERETO, AND DISMISSING PLAINTIFF'S CASE FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED R. CIV. P. 12(d)(1); JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY**

Based upon the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge filed October 6, 2023, (Doc. No. 2), as well as upon a thorough review of this Court's file and the applicable law, this Court adopts said Report and Recommendations, overrules the Plaintiff's objections thereto (Doc. Nos. 9 and 13), dismisses the Plaintiff's Complaint (Doc. No. 3) for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(d)(1), and Orders the entry of final judgment in favor of the Defendant and against Plaintiff herein, dismissing the captioned cause without prejudice to refiling in a court of competent jurisdiction, should same be allowed by Ohio law.

In ruling as aforesaid, this Court makes the following, non-exclusive observations:

1. A Certificate of Merit is required for all medical malpractice claims filed under Ohio law. Ohio Civ. R. 10(D)(2). Failure to attach same subjects the Plaintiff's claim to a motion to dismiss without prejudice. Accordingly, the Common Pleas Court Judge was correct in dismissing Plaintiff's

Complaint for Plaintiff's failure to file such a Certificate of Merit. See also *Troyer vs. Janis*, 132 Ohio St. 3d 229 (2012).

2. Based on the reasoning set forth by Defendant in his Motion to Dismiss, this Court concludes that it is wholly and totally without subject matter jurisdiction to consider this litigation. Defendant's Motion to Dismiss Plaintiff's Complaint, as well as the Memoranda in Support, clearly and succinctly sets forth the applicable law leading to this inevitable conclusion.

3. Were this Court to assume the power to hear this case, any trial result would be immediately vacated by the Sixth Circuit Court of Appeals.

4. This Court is in no manner indicating any belief in the strength or weakness of Plaintiff's case or the present state of his medical condition; the Court is only saying it has no power/jurisdiction to hear his case, with or without a jury, and enter final judgment to either Plaintiff or Defendant.

**WHEREFORE**, based upon the aforesaid, this Court, sustains the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and Orders the Entry of Judgment in favor of the Defendant and against Plaintiff, dismissing the captioned cause without prejudice to its being refiled in state court of competent jurisdiction, if same can be done in accordance with Ohio law.

The captioned cause is ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: February 13, 2024

*/s/ Walter H. Rice*
**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**