IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ANTHONY L. HANSBRO, | |
| Plaintiff, | CASE NO. 3:23-CV-124 |
| v. | JUDGE WALTER H. RICE |
| IAN WHITE, | MAGISTRATE JUDGE PETER B. SILVAIN |
| Defendant. | |

DECISION AND ENTRY *SUA SPONTE* CONSTRUING PLAINTIFF'S PRO SE MOTION TO FILE APPEAL (DOC. #16) AS A MOTION TO ALTER/AMEND THE COURT'S PRIOR ORDER (DOC. #14), AND OVERRULING THE MOTION

This matter is before the Court on Plaintiff Anthony Hansbro's ("Plaintiff" or "Hansbro") self-title Motion to File Appeal A [sic] Appeal on Case Number 3:23-CV-124 Decision with the Intent to Reopen the Case on Show Cause and Good Merit and Applicable Law. Doc. #16. The motion, which is a response to the Court's prior order dismissing the case for lack of subject matter jurisdiction, Doc. #14, was filed on March 15, 2024—twenty-nine (29) days after the order was published on February 15, 2024.

Based on the title, Hansbro's motion appears to be an attempt to either file an appeal or serve the Court with notice of an appeal. But, when reviewing the motion's text, Hansbro's true intent becomes apparent: he wishes the Court to "reconsider its initial [decision] and reopen this Case [sic]." Doc. #14 at PageID #73. Therefore, the Court will treat it as a motion seeking to alter or amend its prior decision.

While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* parties are still required to satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). This includes holding *pro se* parties to the same procedural requirements expected of represented parties. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

Fed. R. Civ. P. 59(e) requires that "motion[s] to alter or amend a judgment must be filed *not later than* 28 days after the entry of the judgment." (emphasis added). Here, as previously stated, Hansbro's motion, Doc. #16, was filed twenty-nine (29) days after the Court's order dismissing the case. Doc. #14. Therefore, because the motion was untimely, Plaintiff's motion is OVERRULED.

Date: March 20, 2024

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE