IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| ANTHONY L. HANSBRO, | |
| Plaintiff, | CASE NO. 3:23-CV-124 |
| v. | JUDGE WALTER H. RICE |
| IAN WHITE, | MAGISTRATE JUDGE PETER B. SILVAIN, JR. |
| Defendant. | |

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. #19), TREATED AS A SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT

This matter is before the Court on Plaintiff Anthony Hansbro's ("Plaintiff" or "Hansbro") Motion for Reconsideration. Doc. #19. The motion is Hansbro's most recent attempt to have the Court alter or amend its prior order dismissing the case for lack of subject matter jurisdiction. Doc. #14. Hansbro's previous attempt was a Pro Se Motion to File A[n] Appeal of the dismissal order. Doc. #16. After construing the motion as one to alter or amend the dismissal order under Rule 59(e), the Court ultimately overruled it as untimely. Doc. #17, PageID #79.[1]

Hansbro's instant motion, Doc. #19, seeks the Court's reconsideration of its previous order, Doc. #17, on the grounds that the Clerk of Courts failed to inform

---

[1] Rule 59(e) requires that any motions seeking to alter or amend the Court's judgment must be filed *no later than* twenty-eight (28) days after the judgment was entered. The order dismissing the case, Doc. #14, was filed on Thursday, February 15, 2024. Hansbro's Pro Se Motion to File Appeal, Doc. #16, was filed on Friday, March 15, 2024—twenty-nine (29) days later.

him of the deadline for his filing, Doc. #19 at PageID #81,[2] and asks that the Court hear his appeal. *Id.* at PageID #82.[3]

As the Court observed in its previous order, Doc. #17, despite holding *pro se* parties "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* parties must still meet normal procedural requirements. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). Additionally, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). As the Court previously remarked, "Fed. R. Civ. P. 59(e) requires that 'motion[s] to alter or amend a judgment must be filed *not later than* 28 days after the entry of the judgment.'" Doc. #17 (emphasis in original). The Court cannot extend leniency afforded to *pro se* parties beyond what is allowed by law. *See* Fed. R. Civ. P. 6(b)(2) (stating a court *must not extend* the time to act under Rule[] . . . 59[(e)]" (emphasis added).

---

[2] Hansbro also asks the Court to adopt the "mailbox rule" from contract law as a rule of procedure to find that his filing was timely. Doc. #19 at PageID #81. However, the Court is bound by the time requirements laid out in the Federal Rules of Civil Procedure and cannot switch an unapplicable rule of law—i.e., the "mailbox rule"—for a statutory rule of procedure. *See, e.g.,* Fed. R. Civ. P. 6(a).

[3] Because Hansbro is *pro se*, and because this Court lacks authority to hear an appeal of its own orders, the instant motion will be construed as a Motion for Relief under Fed. R. Civ. P. 60(b)(1), which provides the Court with the discretionary ability to relieve a party from an order due to "mistake, inadvertence, surprise, or excusable neglect[.]"

Hansbro's prior motion, Doc. #16,[4] was filed twenty-nine (29) days after the Court's order dismissing the case. Doc. #14. This was one day in excess of what Rule 59(e) allows, and the Court has no authority to alter or amend the deadline. *See* Fed. R. Civ. P. 6(b)(2). Thus, the motion was untimely, and the Court overruled the motion. Doc. #17.

Hansbro's instant request for the Court to reconsider its prior order, Doc. #17, is without legal merit. First, motions for reconsideration are not a proper avenue for relief under the Federal Rules of Civil Procedure, so the Court must construe Hansbro's self-titled "Motion for Reconsideration upon appeal case 3;23-cv-124 [sic]," Doc. #19, as either a Rule 59(e) or Rule 60(b) post-judgment motion. As previously stated, Rule 59(e) motions are limited to final judgments and must be filed no later than twenty-eight (28) days after the entry of final judgment. Rule 60 motions, on the other hand, must only be brought "within a reasonable time."[5] Since the Court's previous order addressed Hansbro's prior motion under Rule 59(e), *see* Doc. #17, and because his present motion, Doc. #19, is seeking relief from that order, the Court will construe said motion as one seeking relief under Rule 60(b).

---

[4] Both the prior motion, Doc. #16, and the instant motion, Doc. #19, contain language seeking for the Court to review Hansbro's appeal of the order dismissing the case for lack of subject matter jurisdiction. Doc. #14. The District Court does not have the authority to hear an appeal from Hansbro on the instant matter, *see* 28 U.S.C. § 1291, and any attempt at appellate review must be sought in the proper Circuit Court of Appeals. *Id.* at § 1294, *see also* Fed. R. App. P. 3.

[5] Rule 60(b) motions must still be brought within a year if the justification is covered by subsections (1)–(3), namely for "mistake, inadvertence, surprise, or excusable neglect . . . newly discovered evidence. . . [or] fraud."

3

Rule 60(b) provides that "the court *may* relieve a party . . . from a[n] . . . order" under a select few scenarios. (emphasis added). However, the only ones relevant to Hansbro's prior motion are "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Rule 60(b)(1) & (b)(6). That said, even if the Court were to grant Hansbro discretionary relief from the prior order due to the excusable neglect of filing of his filings "being 1 [sic] day late," Doc. #19, PageID #82, that would only resurrect his previous request seeking to alter or amend the order dismissing his case for lack of subject matter jurisdiction. *See* Doc. #16 (seeking relief from Doc. #14).

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a final judgment must identify "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *ACLU of Ky. v. McCreary Cnty.*, 607 F.3d 439, 450 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Neither Hansbro's prior motion nor his present motion identified any errors of law, newly discovered evidence, or intervening changes in the law that provide legal grounds for a reconsideration of the Court's prior order. *See generally* Doc. #16.

That leaves "manifest injustice," which Black's Law Dictionary defines as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." 982 (8th ed. 2004). One reading of Hansbro's instant motion might be that reconsidering the Court's dismissal order would redress the

4

manifest injustice of not allowing him to seek "justice from a neurosurgeon who destroyed [his] life FOREVER" just because of a single day delay in filing. Doc. #19 at PageID ##81–82 (emphasis in original). However, even if the Court were to construe Hansbro's motion to make that argument, it would still fail. Hansbro's original post-judgment motion attempted to describe fundamental concepts of jurisdiction,[6] but it presented no valid arguments for why the Court should reconsider its finding that the Court lacked subject matter jurisdiction over his medical malpractice claim. *See generally* Doc. #16.

Briefly, in the context of judicial proceedings, jurisdiction is "[a] court's power to decide a case or issue a decree." Jurisdiction, Black's Law Dictionary (11th ed. 2019). Because the Court is a part of the federal court system, the Court's jurisdiction is limited.

> The provisions of the U.S. Constitution specify the outer limits of the subject-matter jurisdiction of the federal courts and authorize Congress, within those limits, to establish by statute the organization and jurisdiction of the federal courts. Thus, Article III of the Constitution defines the judicial power of the United States to include cases arising under federal law and cases between parties of diverse state citizenship as well as other categories.

*Id.* (quoting Fleming James Jr., Geoffrey C. Hazard Jr. & John Leubsdorf, Civil Procedure § 2.1, at 55 (5th ed. 2001)). Stated another way, unless a party can

---

[6] Hansbro's motion, Doc. #16, tries to vaguely describe the concepts of exclusive, concurrent, and supplemental jurisdiction before "[h]umbly request[ing] that this federal court *adopt* the notion of jurisdiction in his [f]avor by adopting . . . Exclusive Jurisdiction." *Id.* at PageID #72. Hansbro also asks the Court to pursue "any other possible way to reopen the case," *id.* at PageID #73; however, he does not indicate what that might entail aside from the aforementioned exclusive and concurrent jurisdictional assertions.

5

show that their case falls within the narrow boundaries required by the Constitution, a federal court cannot hear the case and it must be dismissed. Hansbro is seeking a legal recourse for physical injuries and conditions arising from the alleged medical malpractice of Defendant Ian White. While he is correct that a certificate of merit is not required to proceed on a medical malpractice suit in federal court, *see Gallivan v. United States*, 943 F.3d 291, 293 (6th Cir. 2019),[7] that is only a side issue in the overall question of subject matter jurisdiction.

As a threshold matter, subject matter jurisdiction is the foundation upon which any case must rest. If a court lacks subject matter jurisdiction, it has no authority to hear the case, and thus it cannot issue an opinion or enforce a judgment on anything related to the case. The Court cannot exercise jurisdiction over a question of state law, such as medical malpractice, unless it has a legal basis for doing so. This can happen in one of three broad ways: (1) the claim involves a federal law equivalent to medical malpractice, or involves a suit against the federal government for acting in the capacity of a medical provider, i.e., federal question jurisdiction; *see, e.g., Gallivan*, 943 F.3d 291 (involving a medical malpractice suit by a federal prisoner against the federal government under the Federal Tort Claims Act); (2) the claim is brought by a citizen of one state against a citizen of another state, i.e., diversity jurisdiction; *see, e.g., Albright v. Christensen*, 24 F.4th 1039, 1042 (6th Cir. 2022) (involving a medical malpractice suit between an Ohio patient and a Michigan medical

---

[7] This contrasts with the standards for pleadings filed in state court, where Ohio Civ. R. 10(D)(2)(a) requires that "a complaint that contains a medical claim . . . as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit . . . provided by an expert witness."

6

provider); or (3) the claim is brought alongside other interrelated claims which have already provided the Court with jurisdiction to hear the case, i.e., supplemental jurisdiction. *See* 28 U.S.C. § 1367. Unlike diversity and federal jurisdiction, supplemental jurisdiction is not an independent legal basis for the Court to hear a claim. Instead, it is used *as a supplement* to introduce other claims after diversity or federal jurisdiction is established. Regrettably, despite the severity of the issues Hansbro has presented to the Court, none of his facts or arguments provide the Court with the legal basis to hear his case. No federal law is involved, and no federal medical provider is being sued. Both Hansbro and the Defendant are residents of Ohio, so there is no legal diversity between the parties. So, without any of those grounds being satisfied, there is no other legal basis for the Court to hear Hansbro's medical malpractice claims on supplemental jurisdictional grounds.

For the forgoing reasons, Plaintiff's motion to reconsider, Doc. #19, treated as a Motion for Relief under Fed. R. Civ. P. 60(b)(1), is OVERRULED. The Court's prior orders, Docs. ##14 & 17, stand: the motion to alter or amend is dismissed as untimely, and the case is dismissed without prejudice to its being refiled in a state court of competent jurisdiction, with a Certificate of Merit, and in accordance with applicable state statutes of limitation.

Date: May 8, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE