IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. HANSBRO, | : | |
| Plaintiff, | | |
| v. | : | Case No. 3:23-cv-124 |
| IAN WHITE, | | JUDGE WALTER H. RICE |
| Defendant. | : | |

ORDER OVERRULING PLAINTIFF'S MOTION FOR A STATUTE OF REPOSE (DOC. #22)

This matter is before the Court on Plaintiff Anthony Hansbro's ("Plaintiff") "Motion for a Statue [sic] of Repose R. C. 2305.113 C." Doc. #22. Plaintiff's case was previously dismissed due to lack of subject matter jurisdiction. Doc. #14. Since the dismissal, Plaintiff has attempted to revive his case twice. Doc. #16; 19. Both attempts were unsuccessful. Doc. #17; 18; 20. This present motion now represents Plaintiff's third attempt to revive this case. Like the previous attempts, this motion is fundamentally flawed and this Court is unable to grant Plaintiff the relief he seeks for the reasons that will be explained below. For this reason, Plaintiff's motion is OVERRULED.

For Plaintiff's benefit, this Court will attempt once again to explain the roadblocks presented by his case that prevent this Court from taking action. Federal

courts are known as courts of limited jurisdiction, meaning that they cannot automatically decide any given case filed. In order for federal courts to decide a case, they must be granted the authority to do so by a statute passed by Congress and signed by the President of the United States. The most common examples of statutes permitting a federal court to decide a case are 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. §1331 (federal question jurisdiction). Neither of these statutes apply to Plaintiff's case and therefore will not permit this Court to decide his case.

The diversity jurisdiction statute, 28 U.S.C. § 1332, allows a federal court to hear and decide a case that is between residents of different states where the amount at issue is more than $75,000. As explained earlier in this case, both in the Magistrate Judge's Report and Recommendations, and in this Court's adoption of the same, this case does not meet these requirements. Doc. #2; 14. Plaintiff has not expressed allegations that the damages would be more than $75,000, but even if he had, Plaintiff and Defendant are both residents of Ohio. With that fact alone, the diversity jurisdiction statute could not justify this Court to hear this case.

Likewise, the federal question jurisdiction statute, 28 U.S.C. § 1331, does not allow this case to be decided by this Court. In order to qualify under this statute, the allegations by Plaintiff need to be based on either federal laws, the Constitution itself, or federal treaties made with other countries. Here, Plaintiff has claimed that

2

Defendant committed medical malpractice, but this allegation does not involve any federal laws. In this motion, Plaintiff cites to Ohio Revised Code (R.C.) 2305.113(C). Doc. #22. This is an Ohio state statute, not a federal statute, and therefore cannot meet the requirements of the federal question jurisdiction statute.

Unlike federal courts, state courts have the ability to hear a wide range of cases. For example, R.C. 2305.113 outlines how a plaintiff may make a medical malpractice claim against a defendant in a county court of common pleas. When, as here, federal courts are unable to take action on a given case, plaintiffs ordinarily look to state courts to give them a means to bring a suit.

Plaintiff believes that his failure to provide an affidavit of merit has led this Court to dismiss his case. Doc. #22, PageID #97. To the contrary, this Court accepts his claim that he does not need to present such an affidavit to bring a malpractice claim in federal court. However, his having the affidavit or not having the affidavit was not the cause of this case's dismissal. This case was dismissed because Congress has not provided this Court with the ability to hear this case without meeting one of the requirements explained above.

Without a federal law granting this Court the ability to hear Plaintiff's case and decide it, this Court is powerless to address any of Plaintiff's claims. Plaintiff's present motion does not present any argument or reasoning why this Court would

be able to decide his case and therefore the Motion must be OVERRULED due to lack of subject matter jurisdiction.

Date: December 20, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE